**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| RASHIDAH MUHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:04-cv-1850-SEB-VSS |
| | ) | |
| SBC AMERITECH NETWORK I & R, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Summary Judgment**

Rashidah Muhammad ("Muhammad") alleges that her former employer, SBC Ameritech Network I & R ("Indiana Bell") violated her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654, when it terminated her employment in October 2004. Both parties seek to resolve the plaintiff's claims through the entry of summary judgment.

For the reasons explained in this Entry, the plaintiff's motion for summary judgment, filed on February 7, 2005, must be **denied** and the defendant's cross-motion for summary judgment, filed on August 1, 2005, must be **granted.**

**I. Summary Judgment Standard**

Pursuant to Rule 56(c) of the *Federal Rules of Civil Procedure*, summary judgment is to be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To survive summary judgment, the non-movant must set forth "specific facts showing that there is a genuine issue for trial." **FED.R.CIV.P.** 6(e). "Factual disputes are 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the [non-movant].'" *Oest v. Illinois Dep't of Corrections,* 240 F.3d 605, 610 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

Because the defendant seeks the entry of summary judgment and because Muhammad is proceeding without counsel, the notice required by *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982) and Local Rule 56.1, was issued. Through this notice, Muhammad was notified of the nature of the defendant's motion, of the proper manner in which to respond, and of the consequences of failing to respond. Muhammad has responded with argument and evidence.

## II.  Findings of Fact and Conclusions of Law

### A.  Findings of Fact

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(e), the court makes the following findings of fact:

Indiana Bell maintains a progressive discipline policy for attendance violations. During the time period in question, such discipline began with a verbal warning, then progressed through a written warning, a one-day suspension, a three-day suspension, a five-day suspension, and, finally, suspension pending termination. On September 12, 2003, Muhammad received a five-day suspension for an unexcused absence on July 15, 2003. Muhammad understood that any additional unexcused absences within a one year period (until July 15, 2004), would result in suspension pending termination.

Muhammad missed work on June 24, July 1, and July 2, 2004. Indiana Bell's records initially showed that Muhammad had no FMLA time available to cover her June 24, 2004, absence.  It denied her FMLA coverage on that basis on June 28, 2004.  Indiana Bell corrected that issue approximately one month later on July 29, 2004.  Indiana Bell denied the June 24 absence again, on August 24, 2004, because it erroneously attributed the absence to Muhammad's own serious health condition as opposed to her son's.  On December 6, 2004, Indiana Bell reversed this denial and considered the June 24 absence to care for her son covered under the FMLA.

Indiana Bell's records initially showed that Muhammad had no FMLA hours left to cover her July 1 and July 2, 2004 absences.  Her requests for FMLA leave on those days were originally denied on that basis.  Indiana Bell corrected this error.  Indiana Bell revised its documentation on July 29, 2004, and August 16, 2004, respectively, to reflect Muhammad had FMLA time remaining to cover the July 1 and July 2, 2004 absences.

Thereafter, Indiana Bell sent to Muhammad a letter dated August 3, 2004, giving her until August 18, 2004, to provide medical certification supporting her claim that her July 1, 2004 absence was FMLA qualified. The letter stated, "You have until **8/18/04** to have the Health Care Provider submit the FMLA4 to support this absence period, or your absence under the FMLA will be denied."  Muhammad did not submit anything in response to that letter. On August 24, 2004, Indiana Bell issued a final denial of FMLA coverage for the July 1, 2004, absence because "[t]he Certification of Health Care Provider (FMLA4) was due on 8/18/04 and was not received within the allotted time period."  The notice informed Muhammad of the opportunity to appeal:

> If this request for FMLA has been final denied due to circumstances beyond the employee's control, the FMLA Processing Unit must be advised of the reason *and* provided

>proof of extenuating circumstances within 15 days of the date of the final denial (the date of this letter). Claims of extenuating circumstances brought after 15 days from the date of this letter will not be accepted and the request will remain final denied.

Muhammad did not submit anything to Indiana Bell within the appeal period.

On August 18, 2004, Indiana Bell sent a letter notifying Muhammad that the final denial of her July 2, 2004, absence for lack of available FMLA time was superseded. The letter acknowledged that Muhammad had submitted a certification from her physician dated June 28, 2004, to cover two absences on May 11, 2004 and May 15, 2004. Indiana Bell considered the June 28 certification as possibly providing for intermittent leave covering the July 2, 2004 absence. The June 28 medical certification form indicated a diagnosis of chronic pelvic pain, and the dates of incapacity were May 11, 2004, to May 15, 2004. In response to the question as to how often the periods of incapacity were likely to occur, the physician stated, "unknown. This is patient driven, so when she experiences this pain she may need 1 - 2 days off work."

The August 18 letter informed Muhammad that the June 28, 2004, certification was incomplete. Indiana Bell gave Muhammad additional time, until September 2, 2004, to submit a complete certification that would cover the July 2, 2004, absence. The August 18, 2004 letter, gave the following reasons for rejecting the medical certification form:

- The FMLA4 does not list the dates of absence as a result of the condition.

- The FMLA4 does not provide a likely duration or frequency of periods of incapacitation due to the condition

- Absence periods must be addressed as dates of incapacitation (the patient was incapacitated from ___ to ___ (specific dates)) **OR** the likely duration and frequency of periods of incapacitation must be provided (example: 1-2 days, 1-2 times per month). Terms like **unknown, varies, as needed, and unable to determine,** do not provide enough information to determine FMLA status.

The notice also stated the consequences of a failure to provide the requested information: **"You have until 9/2/04 to have the Health Care Provider submit the above listed information to support this absence period, or your absence under FMLA will be final denied."**

3

On August 25, 2004, Indiana Bell sent a reminder letter to Muhammad, stating: "This letter is a reminder that the FMLA4 Form must be faxed or mailed to us **no later than 9/2/04**. Be aware that **you must take action** on the FMLA4 form." The reminder warned that "Failure by the health care provider to return the completed, signed form by the deadline **will result in a Final Denial** of your FMLA request." Muhammad did not submit any additional documentation.

On September 9, 2004, Indiana Bell issued a final denial of the July 2, 2004 absence. The written notice stated:

> On 8/18/04 you were notified of the denial of your FMLA request and given until 9/2/04 to provide medical certification that would meet FMLA requirements. Medical certification that would meet those requirements WAS NOT received within the allotted time period.

The notice also informed Muhammad of an appeal process:

> If this request for FMLA has been final denied due to circumstances beyond the employee's control, the FMLA Processing Unit must be advised of the reason *and* provided proof of extenuating circumstances within 15 days of the date of the final denial (the date of this letter). Claims of extenuating circumstances brought after 15 days from the date of this letter will not be accepted and the request will remain final denied.

Muhammad submitted no appeal.

On October 7, 2004, Indiana Bell suspended Muhammad's employment pending termination. The letter given to Muhammad stated, "This letter is to inform you that your attendance record is unsatisfactory due to the final denials of FMLA filed for 6/24/04, 7/1/04, and 7/2/04." As noted, the final denial for the June 24, 2004 absence was later rescinded on December 6, 2004. Muhammad, a bargaining unit employee, grieved the suspension pending termination. The union elected not to arbitrate her grievance.

### B. Conclusions of Law

The FMLA requires covered employers to provide up to twelve weeks of leave during any twelve-month period to employees who, because of a serious health condition, are unable to perform the functions of their position, or because they need to care for a spouse, son, daughter or parent who has a serious health condition. 29 U.S.C. § 2612(a)(1)(C), (D). The FMLA defines "serious health condition" as an illness, injury, impairment, or physical or mental condition that involves--

  (A) inpatient care in a hospital, hospice, or residential medical care facility; or
  (B) continuing treatment by a health care provider.
29 U.S.C. § 2611(11).

  FMLA leave may be taken all at once or intermittently. 29 U.S.C. § 2612(b). An employer may require an employee seeking FMLA leave to submit a medical certification supporting the request. 29 U.S.C. § 2613(a); 29 C.F.R. § 825.305(a). The regulations promulgated by the Secretary of Labor provide that "[w]hen the leave is foreseeable and at least 30 days notice has been provided, the employee should provide the medical certification before the leave begins." 29 C.F.R. § 825.305(b). In other cases, "the employee must provide the requested certification to the employer within the time frame requested by the employer (which must allow at least 15 calendar days after the employer's request), unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts." 29 C.F.R. §§ 825.305(b); 825.308(d).

  A medical certification is sufficient under the FMLA if it contains the following information: (1) the date on which the serious health condition commenced; (2) the probable duration of the condition; (3) the appropriate medical facts within the knowledge of the health care provider regarding the condition; (4) if the leave is for the employee's own serious health condition, a statement that the employee is unable to perform the functions of her job; and (5) for intermittent leave due to an employee's own serious health condition, a statement of the medical necessity of the intermittent leave, and the expected duration of the intermittent leave. 29 U.S.C. § 2613(b); 29 C.F.R. § 825.306. For chronic conditions, an employer may require documentation of the likely duration and frequency of episodes of incapacity. 29 C.F.R. § 825.306(b)(2).

  The employer must give the employee written notice of the need for a certification each time a certification is required. 29 C.F.R. § 825.305(a). When the employee requests leave for a chronic serious health condition, an employer may require the employee to "obtain subsequent recertifications on a reasonable basis." 29 U.S.C. § 2613(e). For intermittent leave, unless certain conditions are met, the employer may not request recertification in less than the minimum period specified on the certification as necessary for such leave, and must provide the employee at least fifteen days after the request is made to submit the recertification. 29 C.F.R. § 825.308(b), (d). At the time the employer requests certification, the employer must also advise an employee of the anticipated consequences of an employee's failure to provide adequate certification. 29 C.F.R. § 825.305(d). If an employer determines that a certification submitted by an employee is incomplete, the employer must advise the employee of the deficiency and provide the employee a reasonable opportunity to cure the deficiency. *Id.*

  Muhammad's complaint alleges that Indiana Bell unlawfully terminated her employment because it erroneously determined that she had exhausted her FMLA leave. It is true that Indiana Bell at first denied Muhammad's requests for leave for her June 24, July 1, and July 2, 2004 absences based on a determination that Muhammad had exhausted all of her FMLA leave. This error was corrected, however, and Muhammad was

then given an opportunity to provide medical certifications supporting her absences. The theory of Muhammad's complaint and her motion for summary judgment, that her FMLA leave was not exhausted, is not disputed, but the record shows that was not the basis of her termination.

Muhammad further argues that the medical certification that she provided satisfied all FMLA standards. She contends that a Health Care Provider certification submitted on April 7, 2004, was accepted by Indiana Bell. The April 7 form stated that she had been incapacitated from February 2, 2004, through April 1, 2004, by chronic pelvic pain and pelvic adhesions. It stated that her periods of incapacity were likely to occur 1-2 times per month, for 12 hours in duration. That form, however, indicated that Muhammad "has been ill and was/will be incapacitated from 2/2/04 to 4/1/04." To the extent that Muhammad asserts that such documentation should have covered the July 2, 2004 absence, the information provided in the form does not support such an opened-ended time frame. Indeed, Indiana Bell notified Muhammad on May 21, 2004, that the April 7 certification was "outdated" and could not be relied upon to support absences of May 11 and May 15, 2004. The certification form that she submitted on June 28, 2004, encompassed absences from May 11, 2004 through May 15, 2004. Muhammad did not provide the requested additional documentation to support the July absences.

Muhammad argues that she was in verbal contact with Indiana Bell managers in an attempt to resolve the issues of the July 2004 certifications, but she admits that none of them told her to ignore the written notices she had received and none of them advised her not to submit the required documentation. She also admits that upon her request, in the past she had received at least one extension to provide medical certification for absences. There is no evidence that she requested an extension of time in relation to the July requests.

There is no evidence that Muhammad submitted *any* medical certification to support her July 1 absence. With respect to that absence, Muhammad asserts that she informed Indiana Bell managers that she was having difficulty obtaining FMLA papers to document her son's blood sugar problem because he had been seen by a physician in Michigan and then his "case" was transferred to Indianapolis when they moved here. Local physicians would not complete FMLA forms until after they had examined the child. Deposition transcripts indicate that Muhammad moved to Indianapolis in 2003 and that the absence relating to her son's illness occurred on July 15, 2003, not July 1, 2004. In any event, such circumstances do not explain the basis of Muhammad's absence on July 1, nor do they explain why, after receiving the final denial for the July 1 absence, she did not submit an appeal to indicate that her FMLA was being denied "due to circumstances beyond [her] control."

With respect to the July 2, 2004 absence, Indiana Bell notified Muhammad that the documentation she submitted did not list the dates of the absences and did not provide a likely duration or frequency of periods of her incapacitation. Muhammad was warned that her failure to submit appropriate documentation would result in a finding that the request

for FMLA leave would be denied. She did not appeal the September 9, 2004 determination that such absence did not qualify as FMLA leave.

Pursuant to FMLA regulations, having determined that the certification provided was incomplete, Indiana Bell was entitled to request that Muhammad cure the deficiency and give her time to do so. "If the employer requires certification and the employee fails to provide sufficient certification, then the absence is not FMLA leave." *Poteet v Potter*, IP00-712-C-Y/S, 2005 WL 1115805, *17 (S.D.Ind. Mar. 28, 2005) (citing *Rager v. Dade Behring, Inc.*, 210 F.3d 776, 778 (7th Cir. 2000) (stating that the employer is required to tell the employee of the consequences of not submitting medical certification, "which in this case was termination because in the absence of an entitlement under the Family and Medical Leave Act the plaintiff had no excuse for being absent from work"); *Baldwin-Love v. Elec. Data Sys. Corp.*, 307 F.Supp.2d 1222, 1234-35 (M.D.Ala.2004) (concluding employer did not violate FMLA by terminating employee for unexcused absences where she failed to provide sufficient medical certification); 29 C.F.R. § 825.311(b) ("If the employee never produces the certification, the leave is not FMLA leave.")).

The record shows that Muhammad failed to provide adequate medical certifications for her July 1 and July 2, 2004 absences.  Indiana Bell followed proper procedures in attempting to obtain the certification and properly determined that Muhammad was not entitled to FMLA leave for those absences.  Accordingly, Muhammad reached the end of the progressive discipline program for attendance violations, causing the termination of her employment. Indiana Bell is entitled to summary judgment as to Muhammad's claim that her employment was unlawfully terminated.

### III.  Conclusion

"The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *DeNovellis v. Shalala,* 124 F.3d 298, 305-06 (1st Cir. 1997) (internal quotation omitted). Because Muhammad failed to provide adequate certification to support her requests for FMLA leave on July 1 and July 2, 2004, she was not entitled to FMLA leave for those absences. As a matter of law, Indiana Bell's termination of Muhammad's employment did not violate the FMLA.

Accordingly, Muhammad's motion for summary judgment must be **denied** and Indiana Bell's cross-motion for summary judgment must be **granted.** Any other pending motions are **denied as moot**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

09/30/2005
Date: _____

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana